**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANTE LAMON TAPLIN, | No. 17-35842 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01937-AA |
| v. | |
| MULTNOMAH COUNTY HEALTH SERVICES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted August 15, 2018[**]

Before:    FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Dante Lamon Taplin appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference to his

serious medical needs during his pretrial detention at Multnomah County Inverness

Jail.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Toguchi*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment for defendant Ersson because, under any potentially applicable standard, Taplin failed to raise a genuine dispute of material fact as to whether Ersson knew of and disregarded an excessive risk to Taplin's ankle fracture. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (in considering the conditions of pretrial detention, courts consider whether the conditions amount to punishment); *Toguchi*, 391 F.3d at 1057-58 (neither a difference of opinion concerning the course of treatment nor mere negligence in treating a medical condition amounts to deliberate indifference); *see also Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (elements of Fourteenth Amendment medical care claim by pretrial detainee).

The district court properly granted summary judgment for defendants Multnomah County Sheriff's Office and Multnomah County Health Services because Taplin failed to raise a genuine dispute of material fact as to whether a policy or custom caused him to suffer constitutional injuries. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The district court did not abuse its discretion by denying Taplin's motions for appointment of counsel because Taplin failed to demonstrate exceptional

17-35842

circumstances. *See Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014) (setting forth standard of review and requirements for appointment of counsel).

We reject as unsupported by the record Taplin's contention that the district court improperly granted summary judgment without allowing an opportunity for discovery.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**